**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| CHRISTOPHER TAYLOR, | ) |
| Plaintiff, | ) Case No._____ |
| v. | ) |
| KRATON CORPORATION, SHELLEY J. BAUSCH, KEVIN M. FOGARTY, KAREN A. TWITCHELL, DOMINIQUE FOURNIER, JOHN A. GALLAGHER, III, BILLIE I. WILLIAMSON, MARK A. BLINN, ANNA A. CATALANO, and DAN F. SMITH, | ) **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** ) ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

Plaintiff Christopher Taylor ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Kraton Corporation ("Kraton" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9. By the action, Plaintiff seeks to enjoin the vote on a proposed transaction pursuant to which DL Chemical Co., Ltd. ("DL Chemical") will acquire the Company through its subsidiaries DLC US Holdings, Inc. ("Intermediate Merger Sub") and DLC US, Inc. ("Merger Sub") Merger Sub") (the "Proposed Transaction").1

2. On September 27, 2021, Kraton announced its entry into an Agreement and Plan of

---

1 Non-party DL Chemical is a petrochemical company based in Korea. Non-party Intermediate Merger Sub is a Delaware corporation and a wholly owned subsidiary of DL Chemical. Non-party Merger Sub is a Delaware corporation and an indirect, wholly-owned subsidiary of DL Chemical.

Merger dated the same day (the "Merger Agreement"). That agreement provides Kraton stockholders will receive $46.50 in cash for each share of Company common stock they own (the "Merger Consideration").[2]

3. On November 4, 2021, Kraton filed a Definitive Proxy Statement on Schedule 14A (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Kraton stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. The Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who

---

[2] The approximate value of the Proposed Transaction is $2.5 billion

has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, a stockholder of Kraton.

10. Defendant Kraton is a Delaware corporation with principal executive offices located at 15710 John F. Kennedy Boulevard, Suite 300, Houston, Texas 77032. Kraton's shares trade on the New York Stock Exchange under the ticker symbol "KRA."

11. Defendant Shelley J. Bausch ("Bausch") is and has been a director of the Company since 2017.

12. Defendant Kevin M. Fogarty ("Fogarty") has been President and Chief Executive Officer ("CEO") of the Company since January 2008, and a director since 2009.

13. Defendant Karen A. Twitchell ("Twitchell") is and has been a director of the Company since 2009.

14. Defendant Dominique Fournier ("Fournier") is and has been a director of the Company since 2012.

15. Defendant John J. Gallagher, III ("Gallagher") is and has been a director of the Company since 2011.

16. Defendant Billie I. Williamson ("Williamson") is and has been a director of the Company since 2018.

17. Defendant Mark A. Blinn ("Blinn") is and has been a director of the Company since 2017.

18. Defendant Anna C. Catalano ("Catalano") is and has been a director of the Company since 2011.

19. Defendant Dan F. Smith ("Smith") is Chairman of the Board and is and has been a director of the Company since 2009.

20. Defendants identified in paragraphs 11-19 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

21. On September 27, 2021, Kraton announced in relevant part:

HOUSTON, Sept. 27, 2021 -- Kraton Corporation (NYSE: KRA) ("Kraton"), a leading global sustainable producer of specialty polymers and high-value bio-based products derived from pine wood pulping co-products, today announced that it has entered into a definitive merger agreement (the "Merger Agreement") pursuant to which DL Chemical Co., Ltd. ("DL Chemical"), a subsidiary of DL Holdings Co., Ltd. (formerly Daelim Industrial Co., Ltd.), will acquire 100% of Kraton in an all-cash transaction implying an enterprise value of approximately $2.5 billion. Under the terms of the Merger Agreement, Kraton stockholders will receive $46.50 in cash for each share of Kraton common stock they own. As part of the transaction DL Chemical has conveyed that they have fully committed financing.

"Following an extensive review of a wide-range of strategic alternatives focused on maximizing value for the benefit of our stockholders, Kraton's Board has determined that the sale of Kraton to DL Chemical is in the best interest of Kraton stockholders. We believe the transaction provides immediate and certain value for Kraton stockholders, and represents an attractive premium of approximately 50% over Kraton's unaffected market valuation as of early July," said Kevin M. Fogarty, Kraton's President and Chief Executive Officer. "Moreover, we believe DL Chemical has the industry presence and resources to continue to support the growth of Kraton's business on a global scale".

"Consistent with our longstanding goal of maximizing value for the benefit of our stockholders, over the years Kraton's Board and management team have actively evaluated a wide range of strategic alternatives. Today's announcement marks the culmination of the strategic review process for Kraton, resulting in a transaction that we believe provides significant value for Kraton stockholders. In addition, we believe the scale and strength of the combined company will also benefit our customers and our employees, as it will expand Kraton's global reach while creating a robust platform to further support investment in the existing innovation pipeline and provide for further

expansion of sustainable offerings," said Dan F. Smith, Chairman of Kraton's Board of Directors.

"DL Chemical has been conducting the petrochemical business responsibly within the DL Group for 46 years. After acquiring Kraton's Cariflex business last year, we have successfully integrated that business within the DL Group," said Sang Woo Kim, Vice Chairman and Chief Executive Officer of DL Chemical. "We also have been highly interested in Kraton's specialty polymer and bio-based chemical business, and this combination will allow us to provide our customers with a wider range of innovative products, while adding the ability to serve a diverse range of end markets in over 70 countries worldwide."

The Merger Agreement was unanimously approved by Kraton's Board of Directors, which has recommended that Kraton stockholders vote in favor of the transaction. The acquisition is subject to certain customary closing conditions, including the receipt of stockholder and regulatory approvals, and is expected to close by the end of the first half of 2022.

J.P. Morgan Securities LLC is acting as exclusive financial advisor, and King & Spalding LLP is acting as legal counsel to Kraton in connection with the transaction. J.P. Morgan is acting as financial advisor, and O'Melveny & Myers LLP is acting as legal counsel to DL Chemical in connection with the transaction.

**The Proxy Statement Contains Material Misstatements or Omissions**

22. The defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Kraton's stockholders. The Proxy Statement misrepresents or omits material information necessary for the Company's stockholders to make an informed voting or appraisal decision on the Proposed Transaction.

23. Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning the Company's financial projections and the valuation analyses underlying the fairness opinion provided by the Company's financial advisor J.P. Morgan Securities LLC ("J.P. Morgan").

*Material Omissions Concerning the Company's Projections and the Financial Analyses Relied on by the Board*

24. The Proxy Statement omits material information regarding the Company's financial projections, including the line items underlying management's forecasts for: (a) EBITDA

5

including contributions arising under Isoprene Rubber Supply Agreement ("IRSA"); (b) EBITDA excluding IRSA; and (c) Unlevered Free Cash Flow.

25. The Proxy Statement omits material information regarding the data and inputs underlying the valuation analyses performed by J.P. Morgan.

26. The Proxy Statement describes J.P. Morgan's fairness opinion and the various underlying valuation analyses. That description, however, omits key inputs and assumptions forming the bases of these analyses. The absence of this material information precludes the Company's public stockholders from fully understanding the J.P. Morgan's work. As a result, Kraton stockholders cannot assess what significance to place on J.P. Morgan's fairness opinion in determining whether to approve the Proposed Transaction or otherwise act.

27. With respect to J.P. Morgan's *Public Trading Multiples* analysis, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the companies analyzed.

28. With respect to J.P. Morgan's *Selected Transaction Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the transactions observed in the analysis.

29. With respect to J.P. Morgan's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (a) the inputs and assumptions underlying the range of discount rates for the projected cash flows under each of the Case A, Case B, Case C and Case D Projections, as well as those used for the incremental projected cash flows for the breakthrough technologies included in each of the Case C and Case D Projections and the specialty polymer expansion project in Taiwan included in the Case D Projections; and (b) the Company's net debt and other adjustments as of June 30, 2021.

30. The omission of this information renders the statements in the "Management Projections" and "Opinion of Kraton's Financial Advisor" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act. Indeed, when a banker's

endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

31. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement. Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other Kraton stockholders will be unable to make an informed voting or appraisal decision on the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

#### Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder

32. Plaintiff repeats all previous allegations as if set forth in full.

33. During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

34. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement. The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about the Company's financial projections and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by J.P. Morgan. The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

35. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

36. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

37. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

38. Plaintiff repeats all previous allegations as if set forth in full.

39. The Individual Defendants acted as controlling persons of Kraton within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Kraton, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

40. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

41. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had

the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy Statement.

42. In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

43. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

44. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Kraton's stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Kraton, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Kraton stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

    C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

    D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

    E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: November 17, 2021    **LONG LAW, LLC**

    By */s/ Brian D. Long*
      Brian D. Long (#4347)
      3828 Kennett Pike, Suite 208
      Wilmington, DE 19807
      Telephone: (302) 729-9100
      Email: BDLong@longlawde.com

      *Attorneys for Plaintiff*